O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JAN 3 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE JOYCE STEVENS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 12-3629 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

　　　The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation, which is whether the vocational determination by the Administrative Law Judge ("ALJ") at Step Five of the Commissioner's sequential evaluation process was supported by substantial evidence. Specifically, plaintiff contends that the ALJ erred by failing to posit a hypothetical to the vocational expert ("VE") that included a limitation to which the examining psychologist, Dr. Soltz, had opined. (See Jt Stip at 3-5.)[1]

---

[1]　　As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has
(continued...)

1

The ALJ stated in his decision that he was giving the "greatest weight" to Dr. Soltz's opinion. (See AR 28-29.) However, the ALJ failed to incorporate into his residual functional capacity ("RFC") determination and his hypothetical question to the VE the part of Dr. Soltz's opinion wherein he concluded that plaintiff would have a "moderate to marked limitation in maintaining concentration, pace, and persistence due to her psychogenic problem." (See AR 465.) Instead, in his RFC determination and hypothetical question to the VE, the ALJ merely limited plaintiff to "unskilled work with limited public contact." (See AR 22, 84.)

The Commissioner argues that the ALJ's RFC determination and hypothetical question to the VE were supported by substantial evidence because the ALJ was entitled to resolve ambiguities in the medical evidence and his assessment of plaintiff as limited to unskilled work with limited public contact was consistent with moderate mental limitations in work abilities. (See Jt Stip at 7.) The fallacy of this argument is that the ALJ stated that he was giving the "greatest weight" to Dr. Soltz's opinion, which as specifically noted by the ALJ included the opinion that plaintiff would have a moderate to marked limitation in concentration, persistence, and pace. (See AR 28-29.) If indeed the ALJ was rejecting that part of Dr. Soltz's opinion, it was incumbent upon the ALJ to provide legally sufficient reasons for doing so. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (an ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record" to reject the opinion of an examining physician, even if contradicted by another physician). No such reasons were provided here.

Further, the Commissioner's reliance on Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008) for the proposition that the ALJ's RFC determination and

---

¹(...continued)
determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

hypothetical question adequately captured plaintiff's limitation in concentration, persistence, and pace is misplaced. In Stubbs-Danielson, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony." See id. at 1174. There, the only concrete restrictions identified in the medical testimony was a restriction to simple tasks, despite some evidence that the claimant had deficiencies in pace and other areas. See id. However, in Brink v. Comm'r of Soc. Sec. Admin., 343 Fed. Appx. 211, 212 (9th Cir. 2009), the Ninth Circuit noted that Stubbs-Danielson – wherein the medical testimony "did not establish any limitations in concentration, persistence, or pace" – would be inapposite to cases where the medical testimony did establish such limitations and where the ALJ accepted such testimony. Here, even under the Commissioner's interpretation of the ALJ's decision, the ALJ implicitly found that plaintiff had a moderate limitation in maintaining concentration, persistence, and pace. (See Jt Stip at 7.) Accordingly, under Brink, whose reasoning the Court finds persuasive, the ALJ's RFC determination and hypothetical question to the VE should have included not only the limitation to unskilled work with limited public contact, but also a moderate limitation in maintaining concentration, persistence, and pace. See, e.g., Gray v. Astrue, 2012 WL 4097762, at *9 (D. Idaho Sept. 17, 2012) (RFC determination and hypothetical question were incomplete where they failed to incorporate limitation in concentration, persistence, and pace that ALJ had accepted); Van Duong v. Astrue, 2012 WL 3648006, at *5 (E.D. Cal. Aug. 22, 2012) (same); Moza v. Astrue, 2012 WL 1869364, at *5 (D. Ariz. May 22, 2012) (same); Smith v. Astrue, 2011 WL 3962107, at *9 (C.D. Cal. Sept. 8, 2011) (same).

Moreover, since plaintiff's deficiency in concentration, persistence, and pace was not incorporated into the hypothetical question posited to the VE, it is not clear from the record that the unskilled jobs identified by the VE at the administrative hearing (i.e., electronics worker, officer helper, and assembler of small products) are

performable by a person with all of plaintiff's limitations. See Brink, 343 Fed. Appx. at 212 ("Indeed, repetitive, assembly-line work of the type described by the [vocational] expert might well require extensive focus or speed."). Therefore, the Court is unable to find that the ALJ's error was harmless. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless when such error is inconsequential to the ultimate non-disability determination).

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision. Specifically, further administrative proceedings would serve a useful purpose because the ALJ's RFC determination was incomplete and because the VE has not had an opportunity to address all of plaintiff's limitations. See Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (where an ALJ's RFC determination was flawed and where the hypothetical question to the VE was incomplete and included incorrect assumptions, the appropriate remedy was remand for further administrative proceedings); Harman

v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000) ("In cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits.").

Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[2]

DATED: January 30, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.